UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE REYES § | |
| § | |
| vs. § | C.A. NO. **4:19-cv-04118** |
| § | (JURY) |
| STATE FARM LLOYDS § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 10th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

## I.
## PROCEDURAL BACKGROUND

1. On August 22, 2019, Plaintiff filed this action against State Farm in the 10th Judicial District Court of Galveston County, Texas. The state cause number is 19-CV-1518 ("State Court Action"). In Plaintiff's Original Petition ("Original Petition"), Plaintiff does not identify the amount of damages sought. (*See* Pl.'s Original Pet.) However, the Petition does state that Plaintiff served a notice letter to State Farm on February 15, 2019 which is attached to the Petition (*See* Pl.'s Original Pet. at ¶ 13). The attached notice states that actual damages are $86,400 and attorney fees incurred to date are $6,800 (See letter attached to Original Petition). State Farm was served on September 24, 2019. State Farm filed its answer on October 11, 2019.

2. In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 10th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

## II.
## NATURE OF SUIT

3. Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with his insurance policy for damage to his home and other property caused by Hurricane Harvey (*See* Pl.'s Original Pet. at ¶¶ 7–11). Plaintiff asserts causes of action for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance Code. (*Id.* at 14–22).

## III.
## BASIS OF REMOVAL

4. The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a Texas citizen. (*See* Pl.'s Original Pet. at ¶ 1.)  State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance

association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6. Second, the amount in controversy exceeds $75,000. Plaintiff alleges that the actual damages are $86,400.00 (*See* Letter attached to Pl.'s Original Pet.) and has plead for the recovery of treble damages, and attorney fees (*Id* at ¶¶ 22-25). The request to recover treble damages under the Texas Insurance Code must be included when calculating the amount in controversy. See *Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010). Thus, removal to the Southern District of Texas is proper.

7. The amount in controversy is further compounded if, as required, any of the following damages alleged in Plaintiff's Petition are included in calculating the amount in controversy: (a) statutory penalty on Plaintiff's insurance claim under Section 542 of the Texas Insurance Code; (b) attorneys' fees; (c) mental anguish. In light of the foregoing evidence, it is indisputable that the amount in controversy in this case exceeds $75,000. See *Whitmire v. Bank One, N.A.*, No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $28,188.36, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000). As such, Plaintiff cannot show that he is legally certain that the recovery will not exceed the amount stated in the Petition. See *De Aguilar*, 47 F.3d at 1411 ("we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

## IV.
## REMOVAL PROCEDURES

8. On August 22, 2019, Plaintiff filed this case against State Farm in the 10th Judicial District Court of Galveston County, Texas. State Farm was served on September 24, 2019. State Farm filed its Answer on October 11, 2019. This Notice of Removal is being timely filed on October 22, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

9. The Galveston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind or hail and which forms the basis of Plaintiff's lawsuit, is located in Galveston County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Galveston County. *See* 28 U.S.C. § 1441(a). Galveston County is within the jurisdictional limits of the Galveston Division. *See* 28 U.S.C. § 124(b)(2).

10. All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A. In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Galveston County District Clerk's Office and served on the Plaintiff.

11. A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## **PRAYER**

11. State Farm respectfully requests that the above-styled action now pending in the 10th Judicial District Court of Galveston County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State

Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

                                    Respectfully submitted,

                                    **GERMER PLLC**

By:_____*/s/ Rett Holidy*_____
      **DALE M. "RETT" HOLIDY**
      Federal Bar No. 21382
      State Bar No. 00792937
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile
      rholidy@germer.com

                                    **ATTORNEY FOR DEFENDANT,**
                                    **STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem, III
Federal Bar No. 16798
State Bar No. 00785086
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jtatem@germer.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 22nd day of October, 2019.

Noah M. Wexler                  **VIA CM/ECF**
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
e-service@arnolditkin.com

                           **DALE M. "RETT" HOLIDY**

# **EXHIBIT A**

### LIST OF ATTORNEYS/PARTIES

    Noah M. Wexler
    ARNOLD & ITKIN, LLP
    6009 Memorial Drive
    Houston, Texas 77007
    Telephone: (713) 222-3800
    Facsimile: (713) 222-3850
    nwexler@arnolditkin.com
    e-service@arnolditkin.com
    *Attorney for Plaintiff*

2.    Dale M. "Rett" Holidy
    James A. Tatem, III
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420
    rholidy@germer.com
    jtatem@germer.com
    *Attorneys for Defendant*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### JOE REYES VS. STATE FARM LLOYDS

(a)    Plaintiff's Original Petition
(b)    Notice of Service of Process and Citation
(c)    Defendant State Farm Lloyds' Original Answer
(d)    Docket Sheet