*EXHIBIT A*

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

Noah M. Wexler
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
e-service@arnolditkin.com
***Attorney for Plaintiff***

2.    Dale M. "Rett" Holidy
James A. Tatem, III
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
rholidy@germer.com
jtatem@germer.com
***Attorneys for Defendant***

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### JOE REYES VS. STATE FARM LLOYDS

(a)    Plaintiff's Original Petition
(b)    Notice of Service of Process and Citation
(c)    Defendant State Farm Lloyds' Original Answer
(d)    Docket Sheet

Filed: 8/22/2019 10:26 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36182419
By: Monique McNeal
8/22/2019 10:55 AM

## *EXHIBIT A*

19-CV-1518

CAUSE NO._____

| | | |
|---|---|---|
| JOE REYES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Galveston County - 10th District Court |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Joe Reyes ("Mr. Reyes"), Plaintiff herein, files this Original Petition against Defendant State Farm Lloyds ("State Farm") and, in support of his causes of action, would respectfully show the Court the following:

### I.

### THE PARTIES

1.      Mr. Reyes is a Texas resident who resides in Galveston County, Texas.

2.      State Farm is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### II.

### DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

### III.

### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.

1

Status conferece set 11/14/19 emailed to attorney by MM

## *EXHIBIT A*

### IV.

### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Galveston County because all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Galveston County.

### V.
### FACTUAL BACKGROUND

7.      Mr. Reyes is a named insured under a property insurance policy issued by State Farm under policy number 53ER16844.

8.      On or about August 22-29, 2017 Hurricane Harvey hit the Texas coast, inclduing the Friendswood, Texas area, damaging Mr. Reyes' house and other property located at or about 702 Falling Leaf Dr., Friendswood, Texas 77546.  Mr. Reyes subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

10.     The adjuster(s) assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

## *EXHIBIT A*

12.     Moreover, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

13.     Mr. Reyes previously served a notice letter to Defendant under section 542 of the Texas Insurance Code on February 15, 2019. This letter is attached to Plaintiff's petition.

### VI.

### CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

15.     State Farm had a contract of insurance with Plaintiff. State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

16.     The failure of State Farm to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

18.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendant violated Section 541.060 by:

# *EXHIBIT A*

    (1)      misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.    Defendant violated Section 541.061 by:

    (1)      making an untrue statement of material fact;

    (2)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)      making a material misstatement of law; and

    (5)      failing to disclose a matter required by law to be disclosed.

*EXHIBIT A*

22.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

23.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**VII.**

**CONDITIONS PRECEDENT**

26.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

**VIII.**

**DISCOVERY REQUESTS**

27.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

# *EXHIBIT A*

28.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Joe Reyes prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Reyes be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Reyes may show himself to be justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
State Bar No. 24060816
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***



DALY & BLACK, P.C.

February 15, 2019

*Via Facsimile (309) 766-4655*

State Farm Lloyds
Claims Department
P.O. Box 799100
Dallas, TX 75379-9100

RE:   Insured:          Joe R. Reyes
      Your Claim No.:   53-1257-T94
      Policy No.:       53ER16844

Dear State Farm:

This letter will serve as notice under TEX. INS. CODE § 542A.003 of your insured's intent to file a claim against you under Sections 541, 542, and 542A of the Texas Insurance Code. Because the insurance industry recently passed laws very favorable to its own interests, we are required to provide this notice by law and before our firm has had an opportunity to fully discover all facts and damages related to the claim.

Given the extensive damages caused by Hurricane Harvey, and the sheer quantity of claims our firm has been asked to handle for Texas homeowners and businesses, it is particularly difficult at this time, before completing our investigation, which requires review of documents in your possession, to provide a notice that is one-hundred-percent accurate with respect to the damages sought. The damages set out herein will likely increase once our firm has received information from you and engaged experts and other consultants to assess the full scope of damages related to this claim, and particularly those that you ignored. Therefore, this notice is preliminary in nature and should not be construed as a demand, settlement offer, or other offer or compromise of our client's claim.

Statement of acts/omissions giving rise to the claim:

Joe R. Reyes made a claim for damages caused by Hurricane Harvey.

Mr. Reyes's property was damaged extensively during Hurricane Harvey. The damages are likely to increase in the future because you failed to adequately pay the claim so that the property could be fully repaired.

You sent an adjuster to adjust the claim who was either inadequately trained, or intentionally ignored the damages that were present. Also, the adjuster you assigned failed to spend the appropriate amount of time necessary to identify the damages at issue. Mr.

## *EXHIBIT A*

Reyes disagrees with the outcome of your damage assessment. Clearly, your adjuster overlooked much of the damage caused by Hurricane Harvey and failed to report it. As a result, the adjustment was flawed and you vastly underpaid the claim.

You are liable to Mr. Reyes for one or more of the following violations of the Texas Insurance Code:

1)   Misrepresenting and/or failing to discuss with Mr. Reyes pertinent facts or policy provisions relating to coverage as an issue, in violation of TEX. INS. CODE § 541.060(a)(1);

2)   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which your liability has become reasonably clear, in violation of TEX. INS. CODE § 541.060(a)(2);

3)   Failing to promptly provide to Mr. Reyes a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for your denial of the claim or offer of a compromise settlement of a claim in violation of TEX. INS. CODE § 541.060(a)(3);

4)   Refusing to pay the claim without conducting a reasonable investigation with respect to the claim in violation of TEX. INS. CODE § 541.060(a)(7);

5)   Misrepresenting the insurance policy by:

   a)   making untrue statements of fact in violation of TEX. INS. CODE § 541.061(1);

   b)   failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made in violation of TEX. INS. CODE § 541.061(2);

   c)   making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact in violation of TEX. INS. CODE § 541.061(3); and

   d)   making a material misstatement of law in violation of TEX. INS. CODE § 541.061(4)

<u>Inspection of premises:</u>

Not later than the 30th day after receiving this notice, you shall be entitled to inspect the premises. If you wish to do so, you must make your request in writing, to our firm, so that we may coordinate your inspection with the property owner. You shall be permitted to inspect, photograph, and evaluate, in a reasonable manner, and at a reasonable time, the

# *EXHIBIT A*

premises made the basis of this claim. If reasonably possible, the inspection, photography, and evaluation, must be completed not later than the 60th day after receiving this notice. Destructive testing shall not be permitted without first obtaining our written consent, and on all future matters related to this claim, you are instructed to communicate with us directly, and cease direct communications with our client.

However, sending us a form inspection demand does not entitle you to schedule the inspection at any time, including after we have filed suit. Your inspection and evaluation must be completed within sixty days of this letter. To take advantage of your right to inspect our client's property, you need to make a written demand to our office and then call our office at (713)655-1405 to schedule your inspection. It is not our duty to schedule your inspection or call your automated system to inquire into when you wish to inspect our client's property.

We wish to make this clear because, lately, insurers are sending our office written inspection demands and then waiting months to schedule their inspection, often times several months after we have filed suit. In other instances, insurers are providing our office with a written demand for an inspection and demanding that our office call an automated number to schedule the insurer's inspection. Our calls to insurers' automated numbers almost always go unanswered. In some instances, it appears this is done to provide the insurer with two litigation inspections with their lawyers and the opportunity to abate the case after we file suit. You will not be provided with a pre-suit inspection after we have filed suit. We will do our best to work with you, but it is ultimately your responsibility to call us to ensure your inspection is scheduled and completed within the next sixty days. If you do not demand in writing, schedule, and complete your inspection within the next sixty days, we will consider your request untimely and we will show this notice to the Court at a later date so they are aware that you were provided clear instructions on how to schedule your inspection and you chose not to comply.

Specific amount alleged to be owed:

$ 86,400.00 in actual damages (less any amounts you paid, if any, and any applicable deductible).

It is likely that the damages ultimately sought at trial will be well in excess of the damages that have been identified to date because our investigation is not complete, and because it is your company's standard practice not to provide the insured a complete copy of the current policy, we do not yet know the full extent of coverages. For example, additional amounts may be owed for damages such as cosmetic damage, matching issues, business interruption, additional living expenses, increased cost of reconstruction, code upgrades, debris removal, or other such items. These are likely available to our client in amounts far in excess of what you have agreed to pay, and will ultimately be added to the amount of damages sought once our review of the damages owed under the policy is complete.

# EXHIBIT A

$ 6,800.00 for attorney's fees to date. This amount does not represent the "reasonable and necessary" fees that are owed in this case, because as explained below, our client signed a contingent fee agreement. Nevertheless, as required by Texas law, the amount set forth herein is based on our firm multiplying the number of hours actually worked, as of the date this notice is given, and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

TOTAL: $ 93,200.00 (less any amounts paid and any applicable deductible), plus interest. Please note that the reasonable and necessary attorney's fees recoverable by Texas law will increase as attorneys spend time on this file, including time spent over the next 60 days.

To the extent that written notice of the claim is required either under the policy, or by law, in order to be entitled to any benefit whatsoever, this letter is intended to provide such notice to the extent it has not already been adequately given.

To our knowledge, you have not asked our client to provide a proof of loss. If you require a proof of loss, please let us know immediately and coordinate the effort through our offices, or we will consider the failure to do so a waiver.

A copy of this notice is contemporaneously being provided to our client, as required by Texas law.

The level of detail in this notice letter is largely the result of House Bill 1774, also known as the "hail bill," which was passed in September 2017 by the insurance lobby. It does not just apply to hail claims, but rather any lawsuit against an insurance company related to any claim for damages caused by a "force of nature." Hurricanes are included. Unfortunately, it places more restrictions and hurdles on policyholders who have no choice but to sue insurance companies.

One of those hurdles is that if the damages set forth in this notice are too high, or exaggerated, the attorneys' fees our client recovers at the end of the day are reduced or eliminated. Meaning if the client guesses too high, in this notice letter, the client may not recover attorneys' fees and is not made whole. Because we do not wish to punish the client, and are duty-bound to try and make our clients whole, our initial notice of damages always errs on the side of being low and conservative.

Another one of the hurdles created by the new law is that the fees we claim are owed in this notice must be calculated "by multiplying the number of hours actually worked by our attorneys and paralegals as of the date this notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services." Unlike insurance defense firms, our firm does not bill by the hour or send invoices to clients like Mr. Reyes. Most of our clients do not have the financial resources of a company like State Farm Lloyds and cannot pay a lawyer by the hour. Thankfully, Texas allows clients to hire firms on a contingent fee basis, and recover those fees if they are successful in litigation. Mr. Reyes signed a contingent fee contract with our firm,

## *EXHIBIT A*

meaning a portion of any recovery in this case is paid to our firm, then expenses are deducted, then Mr. Reyes receives the balance.  Needless to say, even if a settlement offer were extended today, that included the attorney's fees on an hourly basis as set out in this notice, it would fall short of making our client whole.

In other words, we cannot and will not resolve this dispute for the amount of damages and fees listed above. The figure does not necessarily include all of the damages to which our client is entitled, including damages covered under the policy, consequential damages incurred as a result of your failure to timely pay the claim, prompt payment interest, reasonable and necessary attorney's fees, and treble damages for bad faith conduct. All of these items need to be taken into account in determining the settlement value of the claim.  If you are interested in settling this claim before we file suit feel free to call our office and we will be happy to engage in settlement negotiations.

We understand that under the new Texas laws you may ultimately show this notice letter to a judge and jury.  Unfortunately, the new insurance-friendly Texas laws do not also permit us to show a jury your company's lowball settlement offers, or other related settlement discussions, including our efforts to try and settle the case with your company. A jury should know that our client would accept a reasonable settlement offer today.  In fact, we would prefer that above litigating the case.  If, however, a jury ever comes to see this notice letter, it will only be because your company chose to continue its course in unreasonably delaying, denying, or underpaying the claim, and we had no option other than to litigate the case before a jury of our peers.  Because our firm is not paid by the hour, it is never in our interest, or our client's interest, to unnecessarily drag out litigation.

Mr. Reyes does not wish to litigate this matter, and would simply like to receive compensation for the damages and move on.  However, if a satisfactory resolution is not reached in 60 days, Mr. Reyes intends to file a lawsuit.

We encourage insurers to try and reach fair resolutions in these cases early, and before discovery and protracted litigation make it economically impractical or impossible for our clients to do so.  Therefore, we welcome your efforts to resolve this case now, instead of years down the road.

If you have any questions or comments, please feel free to give me a call.

Sincerely,

*/s/ Andrew Taylor*

Andrew Taylor

# CSC

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Joe Reyes vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Galveston County District Court, TX |
| **Case/Reference No:** | 19-CV-1518 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/24/2019 |
| **Answer or Appearance Due:** | 10:00 a.m. on the Monday next following the expiration of 20 day after served citation |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Noah M. Wexler<br>713-222-3800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**
CITATION

### THE STATE OF TEXAS

**JOE REYES VS. STATE FARM LLOYDS**

Cause No.: 19-CV-1518

10th District Court of Galveston County

**DELIVERED**
09 / 24 / 19
BY: _Ecc_ PSC: _13358_
ATX Process, LLC

**TO:** State Farm Lloyds
By serving its Registered Agent Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

---

**GREETINGS: YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **10th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **August 22, 2019**. It bears cause number **19-CV-1518** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 23rd day of August, 2019.**

Issued at the request of:
Noah M Wexler
6009 Memorial Drive
Houston TX 77007



**John D. Kinard**, District Clerk
Galveston County, Texas

By: _Robin Gerhardt_

Robin Gerhardt, Deputy

**SEE ATTACHED STATUS CONFERENCE FORM**
*NOTE: Status Conference set: 11/14/19 at 9:00 am*

---

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ _____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

Amount: _____

Sheriff/Constable

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

## *EXHIBIT A*

**This form has been revised due to the data provided on the OCA Civil Case Information Sheet that is required to be filed with every new suit. The OCA Civil Case Information Sheet is available on our website.**

### The District Courts of Galveston County, Texas Status Conference Notice

### Please calendar this event

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 11/14/2019 set in the 10th District Court

| **Case Number:** | **19-CV-1518** |
|---|---|
| **Case Style:  Joe Reyes vs. State Farm Lloyds** | |

*Helpful Information: Please visit our website at* http://www.galvestoncountytx.gov/dc

*FAQ*

*Forms*
*Fee Schedules*
*Remote Access to on-line case record searches*
*Contact and Mailing information*
*Passport Services*
*E Filing Information*
*E Juror- online juror registration*
**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*
*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

Filed: 9/24/2019 2:43 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37080508
By: Valerie Millican
9/24/2019 2:55 PM

# *EXHIBIT A*

### CAUSE NO. 19-CV-1518

| | | |
|---|---|---|
| JOE REYES | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 10th District Court |
| | § | |
| STATE FARM LLOYDS | § | GALVESTON COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### RETURN OF SERVICE

**ON Tuesday, September 24, 2019 AT 9:49 AM**
CITATION, THE DISTRICT COURTS OF GALVESTON COUNTY, TEXAS STATUS CONFERENCE NOTICE, PLAINTIFF'S ORIGINAL PETITION, LETTER DATED FEBRUARY 15, 2019, PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMSSION TO DEFENDANT for service on STATE FARM LLOYDS C/O REGISTERED AGENT CORPORATION SERVICE COMPANY came to hand.

**ON Tuesday, September 24, 2019 AT 12:25 PM, I, ERIN CUPPETT, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** STATE FARM LLOYDS C/O REGISTERED AGENT CORPORATION SERVICE COMPANY, by delivering to Samantha Guerra, 211 EAST 7TH STREET SUITE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is ERIN CUPPETT. My address is 7421 BURNET ROAD NO. 501, AUSTIN, TX 78757. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 13350, expires 12/31/2019). My date of birth is 11/16/1983. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Tuesday, September 24, 2019 AT 12:25 PM.

/S/ ERIN CUPPETT

19-CV-1518

Doc ID: 266885_1

## CITATION
### *THE STATE OF TEXAS*

**JOE REYES VS. STATE FARM LLOYDS**

**Cause No.: 19-CV-1518**
**10th District Court of Galveston County**

TO:    **State Farm Lloyds**
        **By serving its Registered Agent Corporation Service Company**
        **211 East 7th Street, Suite 620**
        **Austin, Texas  78701-3218**

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **10th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **August 22, 2019**. It bears cause number **19-CV-1518** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 23rd day of August, 2019.**

Issued at the request of:
Noah M Wexler
6009 Memorial Drive
Houston TX  77007



**John D. Kinard**, District Clerk
Galveston County, Texas

By:   *Robin Gerhardt*

Robin Gerhardt, Deputy

**SEE ATTACHED STATUS CONFERENCE FORM**
*NOTE: Status Conference set: 11/14/19 at 9:00 am*

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ _____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____
Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this  _____ day of _____ 20 _____

_____
Notary Public

Filed: 10/11/2019 10:02 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37577853
By: Valerie Millican
10/11/2019 2:19 PM

# *EXHIBIT A*
## CAUSE NO. 19-CV-1518

| | | |
|---|---|---|
| **JOE REYES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTION COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **10TH JUDICIAL DISTRICT** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff's under the

## EXHIBIT A

Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.      **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

7.      **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

        *   *   *   *   *

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

        *   *   *   *   *

    i.  mold, fungus or wet or dry rot;

    However, we do insure for any resulting items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or

*EXHIBIT A*

more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (2)  design, specifications, workmanship, construction, grading, compaction;

        (3)  materials used in construction or repair; or

        (4)  maintenance;

    c.  weather conditions.

**8.**    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**9.**    **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

**10.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code Section 41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## EXHIBIT A

11.    **Chapter 38 Attorney's Fees**.    Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.    "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."  Tex. Civ. Prac. & Rem. Code § 38.001(8).  Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

12.    **Written Notice of Claim.**    State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to sections 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

13.    **Chapter 542A.**    State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per Texas Insurance Code Section 542A.007. *See* TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

14.    State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

## *EXHIBIT A*

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS,

respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that

Defendant recover its costs, fees, and expenses, and for such other further relief to which

Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## *EXHIBIT A*
### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 11th day of October 2019.

Noah M. Wexler                                    **VIA E-SERVICE**
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
e-ervice@arnolditkin.com


_____
**DALE M. "RETT" HOLIDY**

*EXHIBIT A*

## Envelope ID :37577853

## Case Number : 19-CV-1518

## Case Type

| | |
|---|---|
| **Jurisdiction :** Galveston County - 10th District Court | **Case Category :** Civil - Contract |
| **Case Type :** Other Contract | **Filer Type :** Not Applicable |
| **Payment Account:** File & ServeXpress CC | **Attorney :** Rett Holidy |
| **Case Number:** 19-CV-1518 | |
| **Client Matter ID:** 99792 | **Date Filed:** 10/11/2019 10:02:17 AM |

## Parties    2

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| ☑ | Defendant | State Farm Lloyds | By serving its Registered Agent, Corporation Service Company , 211 East 7th Street, Suite 620 , Austin , Texas , 78701 -3218 |
| | Plaintiff | Joe Reyes | |

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| Accepted ( 10/11/2019 ) | Note to Clerk: | Answer | Answer.pdf | | Answer.pdf | | | Answer | $0.00 |

**Responsible for Filing Fees :** State Farm Lloyds *EXHIBIT A*

**Send Accepted Notifications To:**

## Service Contact 6

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---------|------|---------------|--------|-------------|--------|-------------|
| Yes | Amber Zayas | azayas@germer.com | Yes | State Farm Lloyds | Sent | 10/11/2019 2:4 8:08 PM |
| No | Christine Hernandez | chernandez@germer.com | Yes | State Farm Lloyds | | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | Yes | State Farm Lloyds | | Unopened |
| No | Jim Tatem | jtatem@germer.com | Yes | State Farm Lloyds | | Unopened |
| Yes | Noah Wexler | e-service@arnoldtkin.com | Yes | Joe Reyes | Sent | Unopened |
| Yes | Noah Wexler | windstormteam@arnoldtikin.com | Yes | Joe Reyes | Sent | 10/11/2019 10: 19:44 AM |

## Fees Calculation

| Allowance Charge Reason | Amount |
|-------------------------|--------|
| Total Provider Tax Fees($) | $0.18 |
| Total Provider Service Fees($) | $2.24 |
| Total Court Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Total Filing & Service Fees($) | $0.00 |
| Total Court Filing Fees($) | $0.00 |
| Total Court Party Fees($) | $0.00 |
| Total Court Case Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |

*EXHIBIT A*

| Allowance Charge Reason | Amount |
| --- | --- |
| Total Fees($) | $3.65 |

Skip to Main Content  Logout  My Account  Search Menu  New Case Search  Refine Search  Back          Location : Galveston County    Images

## CASE SUMMARY
### CASE NO. 19-CV-1318

*EXHIBIT A*

| | | | |
|---|---|---|---|
| **Joe Reyes vs. State Farm Lloyds** | §<br>§<br>§<br>§<br>§<br>§ | Case Type:<br>Date Filed:<br>Location:<br>Judicial Officer: | **Contract - Other**<br>**08/22/2019**<br>**10th District Court**<br>**Neves, Kerry** |

---

**PARTY INFORMATION**

| | | |
|---|---|---|
| **Defendant** | **State Farm Lloyds**<br>  By serving its Registered Agent, Corporation<br>Service Company<br>  211 East 7th Street, Suite 620<br>  Austin, TX 78701-3218 | **Lead Attorneys**<br>**Dale M. Rhett Holidy**<br>  *Retained*<br>7136501313(W)<br>713-739-7420(F)<br>rholidy@germer.com |
| **Plaintiff** | **Reyes, Joe** | **Noah M Wexler**<br>  *Retained*<br>713-222-3800(W)<br>713-222-3850(F)<br>nwexler@arnolditkin.com |

---

**EVENTS & ORDERS OF THE COURT**

|  | **OTHER EVENTS AND HEARINGS** |
|---|---|
| 08/22/2019 | **Original Petition - OCA**<br>  *Plaintiff's Original Petition* |
| 08/22/2019 | **Discovery**<br>  *Plaintiff's Discovery Requests* |
| 08/22/2019 | **Request for Civil Service**<br>  *1 e citation to be issued. Assigned to Robin* |
| 08/22/2019 | **Status Conference Sheet**<br>  *Emailed to Att.* |
| 08/22/2019 | **Receipt Acknowledge**<br>  *S/c Notice* |
| 08/23/2019 | **Citation Issuance - Work Product**<br>  *Issued 1 citation @ $8.00 along with S/C sheet. Emailed to attorneys office /RG* |
| 08/23/2019 | **Receipt Acknowledge**<br>  *E-mail confirmation for 1 Citation* |
| 08/28/2019 | **Notice - From Court of Setting Date** (Judicial Officer: Neves, Kerry )<br>  *11/14/19 at 9:00 AM Status Conference* |
| 09/24/2019 | **Return of Service on Citation/Subpoena**<br>  *Return of Service P266885_001.pdf* |
| 10/11/2019 | **Original Answer**<br>  *Answer & jury demand* |
| 11/14/2019 | **Status Conference**  (9:00 AM) (Judicial Officer Neves, Kerry)<br>  *IN-PERSON ATTENDANCE BY COUNSEL IS MANDATORY. FAILURE TO DO SO MAY RESULT IN DISMISSAL FOR WANT OF PROSECUTION.* |

---

**Unofficial Record**
